IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01725-CMA-NYW

GUADALUPE SIMENTAL,

    Plaintiff,

v.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF**

---

This matter is before the Court on Defendant State Automobile Mutual Insurance Company's ("State Auto") Motion to Dismiss Plaintiff's Second and Third Claims for Relief under Fed. R. Civ. P. 12(b)(6). (Doc. # 14.) For the following reasons, the Court grants the Motion.

**I.**      **BACKGROUND**

This is an insurance bad faith case arising from an automobile accident that occurred on September 23, 2020. (Doc. # 6 at ¶ 7.) On that date, Plaintiff Guadalupe Simental was stopped in traffic on eastbound Interstate 70 in Adams County. (*Id.* at ¶¶ 3, 11–12.) Another driver, Leigh Osbment, a non-party in this case, failed to stop and rear-ended Plaintiff, causing Plaintiff to collide with the car in front of her. (*Id.* at ¶ 13.) Aurora Police cited Ms. Osbment for careless driving resulting in bodily injury. (*Id.* at ¶

19.) Plaintiff was treated at UCHealth Anschutz Medical Campus Emergency Room for complaints of loss of consciousness, severe back pain, and numbness and paresthesias in her lower extremities. (*Id.* at ¶ 20.) Plaintiff alleges that as of January 12, 2021, her medical bills amount to $99,976.70. (*Id.* at ¶ 31.) She also alleges that she continues to receive medical treatment for her injuries and incur medical costs. (*Id.* at ¶ 32.)

At the time of the collision, Plaintiff was insured with State Auto. (*Id.* at ¶ 23.) Ms. Osbment was insured by American Family Insurance Company for $100,000/$300,000. (*Id.* at ¶ 25.) Plaintiff resolved her claim with American Family Insurance Company and Ms. Osbment for $100,000 after obtaining permission from State Auto. (*Id.* at ¶ 26.)

Plaintiff's policy with State Auto included underinsured motorist coverage ("UIM") in the amount of $100,000/$300,000. (*Id.*) On September 29, 2020, Plaintiff sent State Auto a letter of representation regarding her UIM claim. (*Id.* at ¶ 28.) Plaintiff subsequently submitted her medical bills in the amount of $99,976.70 to State Auto on January 12, 2021. (*Id.* at ¶ 30.)

On March 11, 2021, Plaintiff filed suit against State Auto in state district court. *See* (Doc. # 1-5.) In her Amended Complaint, Plaintiff brings three claims for relief: (1) breach of insurance contract; (2) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and -1116; and (3) common law bad faith. *See generally* (Doc. # 6.) State Auto removed the matter to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. # 1.)

On July 15, 2021, State Auto filed the instant Motion to Dismiss Plaintiff's Second and Third Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 14.) Plaintiff filed a Response (Doc. # 21), and State Auto filed a Reply (Doc. # 27).

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to

determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.  DISCUSSION

**A.  STATUTORY UNREASONABLE DELAY AND DENIAL CLAIM**

In its Motion to Dismiss, State Auto first argues that Plaintiff has not sufficiently pleaded a statutory claim for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116(1). (Doc. # 14 at 5.) The Court agrees.

Pursuant to Colo. Rev. Stat. § 10-3-1115, an insurer who delays or denies payment to its insured without a reasonable basis breaches its statutory duty of good faith and fair dealing. *See Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *3 (D. Colo. Jan. 23, 2020). To plead a plausible claim under Colo. Rev. Stat. §§ 10-3-1115 and -1116, a plaintiff must allege facts which, if

4

proven, would establish that (1) the defendant denied or delayed payment of benefits to the plaintiff, and (2) the defendant's denial or delay of payment was without a reasonable basis. *Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-01504-CMA-MEH, 2021 WL 5770229, at *2 (D. Colo. Dec. 6, 2021). A bad faith claim must fail if the plaintiff was not entitled to benefits under the policy. *See Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 679 Fed. Appx. 705, 710 (10th Cir. 2017).

The allegations in the Amended Complaint establish that Plaintiff's medical bills amount to $99,976.70 and that Plaintiff received $100,000.00—more than her alleged medical bills—from her settlement with Ms. Osbment and American Family. (Doc. # 6 at ¶¶ 26, 30.) Plaintiff asserts vaguely that she continues to receive medical treatment "and her medical expenses continue to increase" (*id.* at ¶ 32); however, Plaintiff alleges no other facts regarding the amount of these expenses or the nature and extent of her ongoing injuries. Plaintiff provides only general, conclusory allegations that she "is legally entitled to recover economic damages" and "is legally entitled to recovery [sic] non-economic damages." (*Id.* at ¶¶ 51, 52.) She also alleges, without additional factual support, that "State Auto agrees that Ms. Simental is owed at least $1 in UIM benefits from State Auto." (*Id.* at ¶ 63.) In the absence of further factual enhancement, it is unclear to the Court what benefits Plaintiff is "entitled to" that she has not yet received. *See Iqbal*, 556 U.S. at 678 ("Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.").

Moreover, the Amended Complaint contains no factual allegations demonstrating that State Auto's alleged refusal to pay, or delay in paying, an undetermined amount in

5

UIM benefits constitutes unreasonable conduct. The factual allegations establish only that Plaintiff submitted her medical bills to State Auto and that, at the time she filed her Complaint, 57 days later, State Auto had not paid her any UIM benefits. (Doc. # 6 at ¶¶ 30, 64.) Although Plaintiff alleges that State Auto has "delayed and/or denied payment of benefits owed," (*id.* at ¶ 72), Plaintiff provides no factual allegations as to the circumstances of any purported denial of benefits, any communication she may have had with State Auto after submitting her medical bills, or any dates or details regarding State Auto's evaluation of her claim. Indeed, it is unclear if State Auto actually "denied" Plaintiff's claim. Moreover, without supporting factual allegations, the Court is unable to draw the inference that 57 days without payment of undetermined UIM benefits constitutes an unreasonable delay. *See Villa Maison Homeowners Assoc., Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *2 (D. Colo. July 9, 2018) (concluding that a plaintiff failed to allege that a defendant unreasonably delayed a claim when "[t]he only non-conclusory allegation is that, at the time the Complaint was filed, defendant had taken somewhere around three months to consider plaintiff's claimed loss").

      Instead of alleging facts relating to whether State Auto acted reasonably, the Amended Complaint provides only conclusory and non-specific allegations. For example, Plaintiff alleges that "State Auto has no reasonable basis to not pay Ms. Simental at least a [sic] $1 in UIM benefits" and "State Auto has not provided a reasonable explanation for the delay and/or denial of Plaintiff's benefits." *See* (Doc. # 6 at ¶¶ 65, 73.) "Simply saying that defendant acted unreasonably or unfairly, does not

6

make it so." *Villa Maison Homeowners Assoc., Inc.*, 2018 WL 11182673, at *2. As such, Plaintiff's generic and conclusory allegations that "Defendant State Auto Insurance Companies' [sic] actions are unreasonable" (Doc. # 6 at ¶ 88) are not entitled to a presumption of truth and are insufficient to plausibly allege unreasonable conduct. *Iqbal*, 556 U.S. at 678.

Because Plaintiff has failed to plausibly allege either that she is entitled to benefits under her UIM policy with State Auto or that State Auto acted unreasonably by delaying or denying payment of her claim, Plaintiff's statutory bad faith claim is dismissed for failure to state a claim upon which relief may be granted.

B.   **COMMON LAW BAD FAITH CLAIM**

State Auto also argues that Plaintiff has not pleaded sufficient factual allegations to support her claim for common law bad faith. (Doc. # 14 at 12.) Again, the Court agrees.

To succeed on a common law insurance bad faith claim, the insured "must prove that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable." *Drobek v. Gov't Emps. Ins. Co.*, No. 16-cv-02512-MSK-NYW, 2017 WL 11546217, at *8 (D. Colo. Mar. 6, 2017) (quoting *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011)). "Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts

and circumstances." *Id.* (quoting *TAF, L.L.C. v. Hartford Fire Ins. Co.*, F. Supp. 2d 1282, 1289 (D. Colo. 2008)).

Plaintiff has failed to plausibly allege either element of a common law bad faith claim. As already addressed, the Amended Complaint fails to include sufficient factual allegations to establish that State Auto acted unreasonably. Because an insurer's unreasonable conduct is an essential element of both a common law and statutory bad faith insurance claim, Plaintiff's Second and Third Claims for Relief fail on this basis alone. *See Traurig v. Owners Ins. Co.*, No. 1:20-cv-01489-CMA-SKC, 2021 WL 1165536, at *3–4 (D. Colo. Mar. 26, 2021).

Further, Plaintiff has failed to plausibly allege that State Auto had any knowledge of or acted with reckless disregard for the fact that its conduct was unreasonable. Rather, Plaintiff provides allegations that are wholly conclusory recitations of the relevant element of a common law bad faith claim, *e.g.* "Defendant State Auto Insurance Companies [sic] knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable." (Doc. # 6 at ¶ 89.); *see Iqbal*, 556 U.S. at 678. Without further factual enhancement, such bare legal conclusions are insufficient to plausibly plead a claim for relief. Therefore, Plaintiff's common law bad faith claim must also be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant State Automobile Mutual Insurance Company's Motion to Dismiss Plaintiff's Second and Third Claims for Relief (Doc. # 14) is GRANTED. Plaintiff shall have up to and until February 23, 2022, to file an amended

complaint that resolves the pleading deficiencies identified herein. Should Plaintiff fail to amend her complaint by that date, her Second and Third Claims for Relief will be dismissed with prejudice.

DATED:  January 24, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge